**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------x

Ovia Shaw,
Plaintiff, :

Case No. 7:26-cv-06316-KMK

vs. :

1547 Datacenter Management Services,
LLC et al.,
Defendants :

**RULE 502(d) ORDER**

------------------------------------------------x

**STIPULATED ORDER REGARDING THE DISCLOSURE OF PRIVILEGED INFORMATION**

The Parties, by and through their respective counsel, have jointly stipulated to the terms of Stipulated Order Governing the Disclosure of Privileged Information, and with the Court being fully advised as to the same, it is hereby ORDERED:

**I. APPLICABILITY**

1. This Order shall be applicable to and govern all deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation as well as testimony adduced at trial or during any hearing (collectively "Information").

**II. PRODUCTION OF DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION**

1. The production of any privileged or otherwise protected or exempted Information, as well as the production of Information shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work-product materials, or the subject matter thereof, or the confidential nature of any such Information, as to the produced Information, or any other Information.

2. The production of privileged or work-product protected documents, electronically stored information ("ESI') or Information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

3. The producing party must notify the receiving party promptly, in writing, upon discovery that a document has been produced. Upon receiving written notice from the producing party that privileged and/or work-product material has been produced, all such Information, and all copies thereof, shall be returned to the producing party within ten (10) business days of receipt of such notice and the receiving party shall not use such information for any purpose, except as provided in paragraph 5, until further Order of the Court. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

4. The receiving party may contest the privilege or work-product designation by the producing party, shall give the producing party written notice of the reason for said disagreement. However, the receiving party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege. In that instance, the receiving party shall, within fifteen (15) business days from the initial notice by the producing party, seek an Order from the Court compelling the production of the material.

5. Any analyses, memoranda or notes which were internally generated based upon such produced Information shall immediately be placed in sealed envelopes and shall be destroyed in the event that (a) the receiving party does not contest that the Information is privileged, or (b) the Court rules that the Information is privileged. Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the producing party agrees in writing that the Information is not privileged, or (b) the Court rules that the Information is not privileged.

6. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or Information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected Information before production.

**STIPULATED AND AGREED TO on** October 27, 2026

ROMERO LAW GROUP, PLLC
*Attorneys for Plaintiff*

By: /s/

Matthew Farnworth, Esq.
49 Wheeler Rd, Suite 277
Hauppauge, New York 11788
(631) 257-5588
mfarnworth@romerolawny.com

JACKSON LEWIS P.C.
*Attorneys for Defendants*

By: /s/

Joseph J. DiPalma, Esq.
44 South Broadway, 14th Floor
White Plains, New York 10601
(914) 872-8060
joseph.dipalma@jacksonlewis.com

**IT IS SO ORDERED:**
KENNETH KARAS
United States District Court Judge
DATED: 10/28/26